IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON,
:
: Plaintiff
:
: CIVIL NO. 1:CV-09-2075
vs. :
: (Judge Caldwell)
MAYVIEW MENTAL HEALTH STATE :
HOSPITAL, *ET AL.*, :
:
Defendants :

*M E M O R A N D U M*

*I. Introduction*

Plaintiff, Purnell Nelson, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against the Mayview Mental Health State Hospital and the Commonwealth of Pennsylvania. Nelson has also requested in forma pauperis status. Nelson claims that while committed to the Mayview State Hospital his Eighth and Fourteenth Amendment rights were violated by staff who created a hostile environment for him, sexually harassed him, and used excessive force against him when they forcibly medicated him against his will. The Complaint is presently before the court for screening pursuant to 28 U.S.C. § 1915. As both defendants are not "persons" amenable to suit under 42 U.S.C. § 1983, and because the Eleventh Amendment bars Nelson's claims against each defendant, the complaint will be dismissed

as against them, but Nelson will be granted an opportunity to file an amended complaint against appropriate defendants.

II. *Background*

The complaint alleges the following. In June 2008, Nelson was committed to the Mayview State Mental Hospital in Western Pennsylvania for a pre-trial psychological evaluation. (*Id.*) Nelson claims the staff at the Mayview hospital created a "hostile environment," sexually harassed him, and violated his Due Process and Eighth Amendment rights during his stay there. Specifically, Nelson avers his psychiatrist ordered him to take unwanted psychotropic medications, and when he refused to take the medication, staff forcibly administered the medication by an injection into his buttocks. Nelson claims he suffered a severe allergic reaction to the medication which initially stopped his breathing. To this day, Plaintiff claims to suffer from related ongoing physical and mental-health issues as a result of the forcible administration of this medication. (*Id.*) He seeks compensatory and punitive damages.

III. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a case filed in forma pauperis if we determine that it "fails to state a claim on which relief may be granted." In applying this statutory requirement, the court relies on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). That Rule authorizes dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be

granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

In addition to dismissing a case that fails to state a claim, under 28 U.S.C. § 1915(e)(2)B)(iii), we must also dismiss one that "seeks monetary damages against a defendant who is immune from such relief."

IV.   *Discussion*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongs is necessary for the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho*, 423 F.3d at 353 (quoting *Rode*, *supra*, 845 F.2d at 1207). There is no respondeat superior liability in § 1983 actions, *Evancho*, 423 F.3d at 353, and a civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged civil rights violations. *Id.*

The defendants named in the Complaint are the Mayview State Mental Hospital and the Commonwealth of Pennsylvania. Neither defendant is considered a "person" for the purpose of suit under § 1983. See *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989)(a state is not a person under § 1983); *Dunsmore v. Norristown State Hosp.*, 1991 WL 133428, at *1 (E.D. Pa. July 16,

-4-

1991) ("Norristown State Hospital, as an agency of the Commonwealth of Pennsylvania, is not a person under § 1983); *Walker v. Arkansas State Hosp.*, 2000 WL 862577, at *1 (8th Cir. 2000)("Arkansas State Hospital is not a person for purposes of § 1983"); *Banks v. State of Washington*, No. 09-5449, 2009 WL 3831539, at *3 (W.D. Wash. Nov. 13, 2009)(Western State Hospital is not a person under section 1983). Therefore, Nelson's claims against the Mayview State Mental Hospital and the Commonwealth of Pennsylvania will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he fails to state a claim for relief which can be granted against either defendant.

Additionally, the Eleventh Amendment confers upon the states immunity from suit in federal court. *Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 194 (3d Cir. 2008). Eleventh Amendment immunity also extends to suits against state agencies and governmental entities that have no existence apart from the state. *Will*, *supra*, 491 U.S. at 70, 109 S.Ct. at 2312. Thus the Mayview State Hospital, "as a[n] institution that was operated by the Pennsylvania Department of Welfare, is . . . entitled to Eleventh Amendment immunity." *Bazargani v. Haverford State Hosp.*, 90 F. Supp. 2d 643, 648-49 (E.D. Pa. 2000); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002)("Grayson does not dispute that his claims against . . . Mayview State Hospital . . . were properly dismissed on Eleventh Amendment grounds"). Thus the complaint will also be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) as one that "seeks monetary damages against a defendant who is immune from such relief."

Although Nelson's Complaint fails to state a viable cause of action against the named defendants, Nelson asserts he was subjected to cruel and unusual punishment

while housed at the state hospital.  Based on our review, it appears that the deficiencies of his complaint may possibly be remedied by amendment.  Thus, Nelson will be granted leave to file an amended complaint identifying the persons responsible for the alleged constitutional violations and specifying what actions each new defendant played in any alleged wrongdoing that occurred at the Mayview State Hospital.

Nelson will be granted twenty-one days to file the amended complaint.  For the sake of clarity, the court will require Nelson to start over and file a completely new complaint, meaning that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Failure to file an appropriate amended complaint will result in the dismissal of this action.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 20, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-09-2075
  vs. :
: (Judge Caldwell)
MAYVIEW MENTAL HEALTH STATE :
HOSPITAL, *ET AL.*, :
:
    Defendants :

*O R D E R*

AND NOW, this 20th day of November, 2009, for the reasons set forth in the accompanying memorandum, it is ordered that:

    1. The complaint is hereby dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and under 28 U.S.C. § 1915(e)(2)(B)(iii) for naming defendants who are immune from suit.

    2. Nelson's motion to proceed in forma pauperis (doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and is granted.

    3. Within twenty-one (21) days of the date of this Order, Nelson may file an amended complaint consistent with the directions in the accompanying memorandum.

    4. The Clerk of Court is directed to send Nelson two (2) copies of this court's form civil-rights complaint which Plaintiff should use in preparing his amended complaint.

5.  Failure to comply with this Order will result in the dismissal of this action.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge