IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON,

    Plaintiff

vs.

MAYVIEW MENTAL HEALTH STATE HOSPITAL, *ET AL.*,

    Defendants

CIVIL NO. 1:CV-09-2075

(Judge Caldwell)

## *M E M O R A N D U M*

Plaintiff, Purnell Nelson, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed this pro se action seeking relief under 42 U.S.C. § 1983. Plaintiff's original complaint alleged that defendants, Mayview State Hospital and the Commonwealth of Pennsylvania, violated his Eighth and Fourteenth Amendment rights when Hospital staff created a hostile environment for him, sexually harassed him, and used excessive force against him when they forcibly medicated him against his will.

Upon an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), we dismissed it because neither defendant was a "person" amenable to suit under section 1983, and because the Eleventh Amendment barred the claims against both defendants. However, we granted leave to file an amended complaint naming those individuals who were personally involved in the alleged constitutional deprivations. *Nelson v. Mayview Mental Health State Hospital*, 2009 WL 4046027 (M.D. Pa. Nov. 20, 2009).

On December 3, 2009, Nelson filed an Amended Complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2)(B). Nelson adds Barack Obama, President of the United States, and Ed Rendell, Governor of Pennsylvania, as defendants. He also again names the Hospital as a defendant. However, he fails to allege any personal involvement by President Obama or Governor Rendell in the alleged constitutional violations.[1] The Amended Complaint will be dismissed, as Nelson has once again failed to allege personal involvement on the part of any defendant who might be liable for a civil-rights violation, and we have already determined that the Hospital cannot be sued.

We will issue an appropriate order.[2]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 15, 2009

---

[1] President Obama, as a federal official, would not be liable under section 1983, which imposes liability on state actors, but could be liable under *Bivens v. Six Unknown Named Agents Of Federal Narcotics Bureau*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[2] One day after filing his Amended Complaint, Plaintiff filed a notice of appeal from our November 20 order ruling that his original complaint was insufficient. We do not believe the notice of appeal divested us of jurisdiction because the filing of the Amended Complaint turned the November 20 order into a non-appealable one. *See Blood v. Federal Bureau of Prisons*, 2009 WL 3724972, at *2 (3d Cir. 2009)(per curiam)(nonprecedential).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-09-2075
   vs. :
: (Judge Caldwell)
MAYVIEW MENTAL HEALTH STATE :
HOSPITAL, *ET AL.*, :
:
    Defendants :

*O R D E R*

AND NOW, this 15th day of December, 2009, for the reasons set forth in the accompanying memorandum, it is ordered that:

    1. Plaintiff's Amended Complaint (doc. 10), is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim for which relief may be granted against the named defendants.[3]

    2. The Clerk of Court shall close this file.

                            /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

---

[3] The dismissal of this action does not relieve Nelson of the obligation to pay the filing fee in this matter. Until the filing fee is paid in full, the Administrative Order, issued October 27, 2009, is binding on the Warden of the Dauphin County Prison and the warden or superintendent of any correctional facility to which Plaintiff may be transferred.